IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT JENKINS,** | : |
| **Petitioner** | : |
| | : **CIVIL NO. 3:CV-10-0984** |
| **v.** | : |
| | : **(Judge Caputo)** |
| **SUPERINTENDENT OF LAUREL HIGHLANDS,** *et al.*, | : |
| | : |
| **Respondents** | : |

**M E M O R A N D U M**

**I.    Introduction**

On May 7, 2010, Petitioner Robert Jenkins, an inmate confined at SCI-Laurel Highlands, Somerset, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1, Pet.) In his petition, Mr. Jenkins challenges his 2005 York County Court of Common Pleas convictions for numerous drug charges. He received an aggregate term of eleven (11) to twenty-two (22) years incarceration for these convictions.

The Court undertook a preliminary review of the Petition as mandated by Rule 4, Rules Governing Section 2254 Cases (2010), and believed it subject to summary dismissal as time-barred. 28 U.S.C. § 2244(d); *see Day v. McDonough*, 547 U.S. 198, 209-210, 126 S.Ct. 1675, 1684, 164 L.Ed.2d 376 (2006) (district court

are authorized to consider *sua sponte*, the timeliness of a state prisoner's habeas petition, but must accord the parties fair notice and an opportunity to present their positions). See also *U.S. v. Bendolph*, 409 F.3d 155, 169 (3d Cir. 2005)(en banc)(before addressing the merits of a state inmate's request for federal habeas relief, a district court may determine whether the petition is barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)). On May 11, 2010, the Court notified the parties of our concerns and provided them with an opportunity to address the timeliness issue. (Doc. 2.) Robert Jenkins filed a brief in support of the timeliness of his petition (doc. 5), while the respondents' filed a Motion to Dismiss the petition as untimely (doc. 6). Mr. Jenkins then filed a timely brief in opposition to respondents' motion to dismiss. (Doc. 7.) The limitations issue, raised *sua sponte* by the Court, now briefed by the parties, is ripe for review.

II.  **Background**

On September 15, 2005, Robert Jenkins was convicted, after a jury trial, of possession with intent to deliver a controlled substance; criminal conspiracy to possess with intent to deliver a controlled substance; false identification to law enforcement; and two counts of possession of a controlled substance.[1] He was sentenced on November 21, 2005, to an aggregate term of eleven (11) to twenty-

---

[1] The Court takes judicial notice of Court of Common Pleas York County docket sheet in Mr. Jenkins' criminal conviction: *Commonwealth v. Jenkins*, CP-67-CR-0002922-2005, which is available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

two (22) years incarceration.

He then filed a direct appeal which culminated in the Pennsylvania Supreme Court denying his Petition for Allowance of Appeal. *See Commonwealth v. Jenkins, 594 Pa. 676, 932 A.2d 1286 (Pa. September 28, 2007)*(Table, No. 390 MAL 2007). On October 1, 2008, Robert Jenkins filed with the York County Court of Common Pleas a petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. C.S. § 9541 *et seq.* On November 10, 2009, the Superior Court of Pennsylvania affirmed the trial court's denial of the petition. *See Commonwealth v. Jenkins*, 988 A.2d 721 (Pa. Super. November 10, 2009)(Table, No. 2229 MDA 2008). On December 9, 2009, Robert Jenkins filed a *pro se* Motion to File Petition for Allowance of Appeal Nunc Pro Tunc and for the Appointment of Counsel. *See* Doc. 6-2 at CM/ECF pp. 37 - 38, *Commonwealth v. Jenkins*, No. 219 MM 2009 (Pa. April 27, 2010)(docket sheet). The Pennsylvania Supreme Court issued a per curiam one line order on April 27, 2010, denying the motion. (*Id*.)

Mr. Jenkins filed his habeas petition on May 7, 2010.

## III. Discussion

A petitioner confined under a state-court judgment has one year to file a 2254 petition challenging the judgment. 28 U.S.C. § 2244(d)(1). As relevant here, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id*. at § 2244(d)(1)(A). This language applies to the right to seek discretionary review in

state appellate courts and means that the judgment does not become final until the time period for seeking such review expires, even if review is not sought. *See Swartz v. Meyers*, 204 F.3d 417, 421 (3d Cir. 2000).

The one-year federal limitations period is subject to both statutory and equitable tolling. Statutory tolling for a federal habeas claim occurs during the time "a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." *Id.*, § 2244(d)(2). A properly filed state petition "is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005)(where the state court rejects petitioner's PCRA petition as untimely, the petition "was not 'properly filed' and [petitioner is] not entitled to statutory tolling under § 2244(d)(2)"). The United States Supreme Court allows for equitable tolling of the limitations period where the petitioner shows that he "has been pursuing his rights diligently," and yet "some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, ___ U.S. ___, ___, 130 S.Ct. 2549, 2562, ___ L.Ed.2d ___ (2010) ; *see also Miller v. New Jersey Dep't of Corr.*, 145 F.3d 616, 617-18 (3d Cir. 1998)(same).

The starting point for the AEDPA's one-year statute of limitations period is the date of the conclusion of Mr. Jenkins' direct review, which in this case, was December 27, 2007, 90 days after the Pennsylvania Supreme Court declined to grant allocatur of his direct appeal. Therefore, absent any tolling, he had until

December 29, 2008, to timely file his § 2254 petition. However, on October 1, 2008, 279 days into the federal statute of limitations period, Mr. Jenkins filed his PCRA petition. Because this petition was filed in accordance with the Pennsylvania's procedural requirements, it was considered a "properly filed application" for post-conviction relief, thereby tolling the one year limitations period. *See* 28 U.S.C. § 2254(d)(2); *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000)("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" such as "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee"). Thus, the filing of Petitioner's PRCA on October 1, 2008, tolled the limitations period with approximately 86 days left.

Next, the Court must consider how long his PCRA petition was "pending" for tolling purposes. A timely filed PCRA petition is considered "pending" within the meaning of § 2244(d)(2) during the time a state prisoner is pursuing his state post-conviction remedies, including the time for seeking discretionary review of any court decision whether or not such review was actually sought. *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000). It is undisputed that Mr. Jenkins' limitations period was tolled from October 1, 2008, until December 10, 2009, 30 days after Superior Court of Pennsylvania affirmed the York County Court of Common Pleas denial of post-conviction relief.[2] Thus, the relevant question is was whether Mr. Jenkins'

---

[2] "[A] petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court or the Commonwealth Court sought to be reviewed." Pa. R. App. P. 1113(a).

Motion to File Petition for Allowance of Appeal Nunc Pro Tunc and for the Appointment of Counsel, filed with the Pennsylvania Supreme Court is considered a "properly filed" petition for allowance of appeal for the purposes of statutory tolling the limitations period during its pendency, i.e. from December 10, 2009 to April 27, 2010, when the Pennsylvania Supreme Court denied it. (Doc. 5 and 7.)

Mr. Jenkins argues his Motion to File Petition for Allowance of Appeal Nunc Pro Tunc and for the Appointment of Counsel tolled the AEDPA's limitation period because it was considered by the Pennsylvania Supreme Court as appeal of the Superior Court's affirmance of the denial of his PCRA petition. (Docs. 5 and 7.)

> [The] Supreme Court denial of my appeal from the Superior Court's denial, which appealed Petitioner's Post Conviction Relief Act Petition was on April 27, 2010, and my habeas corpus was filed on May 3, 2010, and accepted on May 7, 2010.

(Doc. 5, CM/ECF p. 6.) Unfortunate for Robert Jenkins, the relevant statutes of Pennsylvania do not support his conclusion, and he has not presented any evidence in support of his theory that the Pennsylvania Supreme Court considered his Motion to File Petition for Allowance of Appeal Nunc Pro Tunc and for the Appointment of Counsel as an appeal from the superior court's denial of his PCRA appeal.

Pursuant to Pennsylvania law, "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court or the Commonwealth Court sought to be reviewed." Pa. R. App. P. 1113(a). The limitations on time in which an allowance of appeal may be filed is strictly enforced. "[T]he court may not enlarge the time for filing a notice of appeal, a petition for allowance of appeal, a petition for permission to

appeal, or a petition for review." Pa. R. App. P. 105(b); *see also Said v. Donate*, No. 07-CV-1197, 2008 WL 5246035, * fn. 11 (E.D. Pa. Dec. 15, 2008); *Hess v. Tennis*, No. 03-1668, 2007 WL 1074204, *3 (M.D. Pa. Apr. 4, 2007); *Jones v. Frank*, 28 F.Supp.2d 956, fn. 5 (E.D. Pa. 1998). Except where there is a showing of fraud or its equivalent, or when there is a breakdown in the court's operation, will an otherwise untimely petition for allowance of appeal be entertained. *See Commonwealth v. Braykovich*, 444 Pa. Super. 397, 664 A.2d 133, 136-38 (1995), *alloc. denied,* 544 Pa. 622, 675 A.3d 1242 (Pa. 1996).

Applying the above law, Mr. Jenkins' Motion to File Petition for Allowance of Appeal Nunc Pro Tunc and for the Appointment of Counsel is not a "properly filed" appeal warranting statutory tolling pending its review by the Pennsylvania Supreme Court. Robert Jenkins never filed a petition for allowance of appeal with the Pennsylvania Supreme Court. Rather, the motion he filed with the Pennsylvania Supreme Court, albeit filed within the 30 day appeal period, sought an enlargement of time to file his petition for review and was not a petition for review itself. Mr. Jenkins, when given the opportunity to contest this assertion made by Respondents, did not present any evidence to the contrary. Therefore, regardless of how captioned, his filing before the Pennsylvania Supreme Court was in the nature of an enlargement of time to file his petition for allowance of appeal and a motion for appointment of counsel, and not a petition for allowance of appeal itself. As previously noted, only the time a properly filed collateral attack is actually under submission is excluded from the one year under the AEDPA. *See Swartz,* 204 F.3d

at 424.

Accordingly, because Robert Jenkins never filed a petition for allowance of appeal, and his Motion to File Petition for Allowance of Appeal Nunc Pro Tunc and for the Appointment of Counsel before the Pennsylvania Supreme Court was not a "properly filed" petition for allowance of appeal for the purposes of statutorily tolling the limitations period, he is not entitled to statutory tolling during its pendency. The Superior Court denied Mr. Jenkins' PCRA appeal on November 10, 2009. The remaining 86 days of the limitations period commenced to run on December 10, 2009, when his time for filing a Petition for Allowance of Appeal to the Pennsylvania Supreme Court expired. To be timely, Mr. Jenkins had to file his federal habeas petition on or before March 8, 2010. Robert Jenkins' May 3, 2010, federal habeas corpus petition was filed 56 days late. Additionally, when given the opportunity to show why his case should not be dismissed on timeliness grounds, he did not make any argument for the equitable tolling of the limitations period. Thus, equitable tolling of the statute of limitations is not warranted in this case.

**IV.     Conclusion**

The Court will dismiss Robert Jenkins' Petition for Habeas Corpus as untimely. The Court will also deny a certificate of appealability, based on the analysis in this Memorandum. However, Mr. Jenkins is advised that he has the right for thirty (30) days to appeal our order denying his § 2254 motion, *see* Fed. R. App. 4, and that our denial of a certificate of appealability does not prevent him from

doing so, as long as he also seeks a certificate of appealability from the court of appeals, s*ee* 28 U.S.C. § 2253(a).

    The Court will issue an appropriate order.


                                      **/s/ A. Richard Caputo**
                                      **A. RICHARD CAPUTO**
                                      **United States District Judge**
**Date: November 3, 2010**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT JENKINS, :
:
    Petitioner :
: CIVIL NO. 3:CV-10-0984
  v. :
: (Judge Caputo)
SUPERINTENDENT OF LAUREL :
HIGHLANDS, *et al.*, :
:
    Respondents :

**O R D E R**

**AND NOW**, this **3rd** day of **NOVEMBER, 2010,** it is ordered that:

    1. The petition (doc. 1) for writ of habeas corpus under 28 U.S.C. § 2254 is denied as untimely.

    2. Respondents' Motion to Dismiss the Petition as Untimely (doc. 6) is granted.

    3. A certificate of appealability is denied.

    4. The Clerk of Court is directed to close this case.

                            /s/ A. Richard Caputo
                            **A. RICHARD CAPUTO**
                            **United States District Judge**