# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT JENKINS,** : | |
| : | |
| Petitioner : | |
| : | **CIVIL NO. 3:CV-10-0984** |
| v. : | |
| : | **(Judge Caputo)** |
| **SUPERINTENDENT OF LAUREL** : | |
| **HIGHLANDS,** *et al.*, : | |
| : | |
| Respondents : | |

# O R D E R

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Robert Jenkins has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2005 York County Court of Common Pleas convictions for possession with intent to deliver a controlled substance; conspiracy to commit possession with intent to deliver a controlled substance; simple possession; and false identification to law enforcement. (Doc. 1, Pet.) Named as respondents are the Superintendent of Laurel Highlands where Mr. Jenkins is incarcerated, and the Attorney General for the Commonwealth of Pennsylvania.

Procedurally, on January 13, 2013, the Third Circuit Court of Appeals remanded this case back to this Court for further proceedings after we dismissed the petition as untimely under 28 U.S.C. § 2244(d). *Jenkins v. Superintendent of Laurel Highlands,* 705 F.3d 80 (3d Cir. 2013). On February 12, 2013, the Court directed the Respondents to respond to the Petition. (Doc. 20, Order.) Recently the Respondents sought, and

were granted, an enlargement of time to respond to the Petition.

Presently before the Court is Mr. Jenkins' Motion for Assignment of Counsel. (Doc. 21). In his motion, Mr. Jenkins requests the appointment of Attorney Enid Harris who represented him in his appeal before the Third Circuit Court of Appeals. (*Id*.) For the reasons that follow, Mr. Jenkins' motion for appointment of counsel will be denied at this time.

There is no constitutional or statutory right to the appointment of counsel in federal habeas corpus proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 725, 111 S.Ct. 2546, 2552, 115 L.Ed.2d 640 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 2546, 1993, 95 L.Ed.2d 539 (1987). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *See* Rule 8(c) of the Rules Governing Section 2254 Cases; 18 U.S.C. § 3006A(a)(2)(B).[1] However, a court does have broad discretionary power to appoint counsel to a financially eligible habeas petitioner if "the interests of justice so require...." *See* 18 U.S.C. § 3006A(a)(2). *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991); *Morrison v. Duckworth*, 898 F.2d 1298, 1300-01 (7th Cir. 1990); *Hooks v. Wainwright*, 775 F.2d 1433, 1438 (11th Cir. 1985), *cert. denied*, 479 U.S. 913, 107 S.Ct. 313, 93 L.Ed.2d 287 (1986).

Initially, the court must be convinced that the petitioner has presented a non-frivolous claim. *Reese*, 946 F.2d at 253-64. If the case is not frivolous, the court must examine whether the appointment of counsel will benefit both the court and the

---

[1] Any person seeking relief under 28 U.S.C. §§ 2241, 2254 or 2255 may be provided counsel, "whenever the United States magistrate or the court determines that the interests of justice so require" and such personal is "financially eligible." 18 U.S.C. § 3006A(a)(2) (1996).

petitioner. *Id.* at 264. To make this determination, the court must evaluate the legal and factual complexity of the case, as well as the petitioner's ability to investigate facts and present claims. *Id*. at 263 (citing *Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990)). For example, it has been held that there was no abuse of discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had been narrowed, *see Terrovona v. Kincheloe*, 912 F.2d 1176, 1177 (9th Cir. 1990), *cert. denied*, 499 U.S. 979, 111 S.Ct. 1631, 113 L.Ed.2d 726 (1991), or the issues were "straightforward and capable of resolution on the record," *Ferguson v. Jones*, 905 F.2d 211, 214 (8th Cir. 1990), or the petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions." *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

In the instant case, the court finds that the circumstances existing at this time do not militate in favor of appointment of counsel. The sole basis of Mr. Jenkin's motion is for the appointment of a specific counsel who previously represented him before the Third Circuit Court of Appeals. He does not provide any reasoning why he would be unable to represent himself in this matter. To date, Mr. Jenkins has shown his capability to proceed *pro se* by filing the petition and instant motion with attachments. Further, the procedural posture of this case does not warrant the appointment of counsel. The Petition has been prepared and submitted by Mr. Jenkins. The Respondents have yet to file a Response. To request the appointment of counsel at this point is not warranted. Based on the record, at least at this point, the Court will deny Mr. Jenkin's motion for counsel, as it does not appear that the appointment of counsel would benefit both the Petitioner and the Court. Accordingly, the liberal

construction of *pro se* pleadings, e.g., *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), coupled with Petitioner's apparent ability to litigate this action *pro se*, warrant the denial of his request for the appointment of counsel without prejudice

    **ACCORDINGLY**, this 7th day of **MARCH, 2013,** it is ordered that Petitioner's Motion for Appointment of Counsel (Doc. 21) is denied without prejudice.


                                                **/s/ A. Richard Caputo**
                                                **A. RICHARD CAPUTO**
                                                **United States District Judge**